UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT LEWIS MORGAN,

    Petitioner,

v.                                        Case No.:  5:22-cv-342-SPC-PRL

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

**OPINION AND ORDER**[1]

Before the Court is Richard Lewis Morgan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1).  Morgan is serving a federal prison sentence following a 2017 conviction in the Miami Division of the Southern District of Florida.  Morgan argues he is unlawfully detained because the substance he imported into the United States is not listed as a Schedule I controlled substance under 21 U.S.C. § 812(c).  This is the proper venue for a § 2241 petition because Morgan is incarcerated in a county this Court serves.  But because Morgan could raise his claim in a § 2255 motion, he may not assert it in a § 2241 petition.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

A federal prisoner may challenge the validity of his sentence by filing a motion under 28 U.S.C. § 2255. He may not file a habeas petition under § 2241 "unless it…appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). So § 2241 is available to a federal prisoner challenging the execution—as opposed to the legality—of his sentence, or if the sentencing court is unavailable or dissolved. *Amodeo v. FCC Coleman – Low Warden*, 984 F.3d 992, 999 (11th Cir. 2021). But a federal prisoner "cannot avoid the procedural restrictions on § 2255 motions by changing the caption on [his] petition to § 2241[.]." *Fleming v. Warden of FCI Tallahassee*, 631 F. App'x 840, 844 (11th Cir. 2015).

Morgan's single argument falls within the scope of § 2255 because it challenges the legality of his sentence. He may not proceed under § 2241, even if a § 2255 motion is untimely. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017). "A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy." *Amodeo*, 984 F.3d at 998.

To assert his claim, Morgan must file a § 2255 motion in the court that tried and sentenced him. That court will determine whether Morgan can overcome any procedural hurdles.

Accordingly, it is now

**ORDERED:**

Richard Lewis Morgan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions or deadlines, enter judgment for Respondent and against Petitioner, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 23, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record